# No. 22-50365

## In the United States Court of Appeals for the Fifth Circuit

UNITED STATES OF AMERICA,
*Plaintiff - Appellee*

v.

Caleb Bryant Hickcox,
*Defendant - Appellant*

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

**REPLY BRIEF FOR APPELLANT**

CHAD VAN CLEAVE
Attorney at Law
P.O. Box 1703
Georgetown, Texas 78627
Tel.: (512) 497-0604
Fax: (512) 852-4755
*Attorney for Defendant-Appellant*

Oral Argument is Requested

# Table of Contents

**Revised Statement Regarding Oral Argument**……………………………….i

Table of Contents……………………………………………………………….ii

Table of Authorities……………………………………………………………

Reply Brief of Appellant – Arguments and Authorities………………………..2

Standard of Review……………………...…………………………………..4

The Government's reliance on post-Bruen litigation………………………..5

The Government's Reliance on pre-*Bruen* Authority…………………………6

The Government Does Not Even Attempt to Meet the Proper Standard……...7

The Government Even Fails to Meet the "Relevantly Similar" Standard……..8

The Government Caricatures Defendant's Criminal History …………………8

Dating of Relevant Period……………………………………………………..9

Government's Reliance on Reprehensible Historical Authority………………9

Non -Dangerous Felons…………………………………………………………10

Conclusion………………………………………………………………………11

# Table of Authorities

## Cases

*District of Columbia v. Heller*,
    554 U. S. 570 (2008)..................................................................14, 15, 16, 19

*McDonald v. Chicago*,
    561 U. S. 742 (2010)................................................................................14

*New York State Rifle & Pistol Association, Inc. v. Bruen*,
    597 U.S. ___ (2022) …………………………………………...2, 4, 5, 6, 8

*Range vs. Att'y Gen. United States*,
    53 F.4th 262, 271 (3rd Cir. 2022) ..............................................................11

## Statutes

18 U.S.C. §922(g)(1).....................................................................3, 4, 5, 7, 9, 10, 11

18 U.S.C. §922(g)(8)......................................................................................................5

18 U.S.C. § 1821 - Repealed. Pub. L. 116-260, div. O,
    title X, §1002(8), Dec. 27, 2020, 134 Stat. 2155)……...........................10, 11

## REVISED STATEMENT REGARDING ORAL ARGUMENT

Caleb Bryant Hickcox believes that that oral argument would be helpful to the Court in its decision-making process and hereby requests that oral argument be granted.

# REPLY OF APPELLANT

# ARGUMENT AND AUTHORITIES

## Introduction

The Government introduces the substance of its Brief in terms of a "wall of authority" in favor of its position. But it becomes clear, upon close consideration, that the Government patently fails in its effort. The Government's "wall of authority" itself turns out to be the plainest statement of its failure to meet its burden, hidden behind an attempt to overwhelm and confuse.

*New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. ___ (2022) establishes two very specific historical standards, and each standard is applicable to specific situations. The proper standard must be applied. Which standard is to be applied depends on the type of problem a statute is intended to address.

If the statute in question addresses is a problem that existed at the time of the founding, then the "distinctly similar" standard is to be applied.

If, on the other hand, the statute is to deal with a problem that did not exist at the time of the founding, then the "relevantly similar" standard will suffice.

18 U.S.C. Section 922(g)(1) addresses the problem of a convicted felon in possession of a firearm.

In order to know which standard to apply, the Court determines whether the problem addressed by 922(g)(1) existed at the time of the founding. It is very clear that the circumstances addressed by the statute existed at the time of the founding. Specifically, 1) there were convicted felons, 2) there were firearms; and 3) convicted felons could have possessed those firearms.

Consequently, the "distinctly similar" standard is the proper standard to apply. If there were no "distinctly similar" statutes to 922(g)(1) in effect at the time of the founding, then 922(g)(1) is unconstitutional.

The Government, in its brief offers its "wall of authority" to contend that there were "relevantly similar" laws in effect at the time of the founding. While it fails in that point, as the cited authorities in effect at the relevant periods are not, in fact, relevantly similar in the sense intended by *Bruen*, the fact that it glosses over entirely the "distinctly similar" standard, not even trying to satisfy that standard, means that it has failed to meet its burden. It cannot do so, and 922(g)(1) is unconstitutional.

All of the following is subject to and without waiving any previously raised issue, and assumes the arguments in the *Amicus* filings in this case.

3

## I. Standard of Review

The Government argues that this issue ought to be reviewed under the plain error standard, and, on Page 7 of its Brief, says it is so because no Supreme Court of Fifth Circuit case holds that 922(g)(1) violates the Second Amendment.

Mr. Hickcox posits that the Supreme Court's holding in *Bruen* is, in fact, tantamount to just such a holding, and this issue ought to be reviewed *de novo*. As such, *Bruen* is far more than "merely illuminating", but does, in fact "unequivocally overrule" the statute in question here. And, at any rate, a violation of his Constitutional rights under the Second Amendment does, *per se*, affect his substantial rights.

This issue, if not addressed here, will have to be addressed in a 2255 filing in which Mr. Hickcox will have to allege that his trial counsel should have objected to the Constitutionality of the statute. Addressing it in this context, given the foregoing, will save judicial resources.

## II. The Government's reliance on post-Bruen litigation

At the time of the filing of its brief, there were, in fact, many district courts which were fearful to apply *Bruen* as the Supreme Court intended. The Court is now aware that post-*Bruen* litigation is evolving quickly, and now District Courts[1], even in the District from which Mr. Hickcox' case arises[2] are finding the courage to apply *Bruen* and finding one provision of 922(g) after another unconstitutional. This Court is likewise carefully applying the logic of *Bruen*, and has found 922(g)(8) to be unconstitutional. *See Rahimi*.

Further, the Government led with the case of *Range vs. Att'y Gen. United States*, 53 F.4th 262, 271 (3rd Cir. 2022) as part of its "large body of persuasive authority". However, at or near the time of the filing of the Government's Brief, *Range* was withdrawn for *en banc* consideration.

---

[1] *U.S. v. Carrero* (D. Utah); *U.S. v. Gray* (D. Colo.); *U.S. v. Williams* (N.D. Ga.); *U.S. v. Pierre* (S.D. Fla.); *U.S. v. Price* (S.D. W. Va.); *U.S. v. Goins* (E.D. Ky.); *Campiti v. Garland* (D. Conn.); *U.S. v. Lewis* (W.D. Okla.); *U.S. v. Harrison* (W.D. Okla.); *U.S. v. Carbajal-Flores* (N.D. Ill.); *U.S. v. Perez-Gallan* (W.D. Tex.); *U.S. v. Bernard* (N.D. Iowa); *U.S. v. Reaves* (E.D. Mo.); *U.S. v. Rowson* (S.D.N.Y.).

[2] *U.S. v. Perez-Gallan* (W.D. Tex.)

## III. The Government's Reliance on pre-*Bruen* Authority

The Government cites to numerous cases that establish the pre-*Bruen* landscape, like *Heller*, in which it was established that "Constitutional rights are enshrined within the scope they were understood to have when the people adopted them." *Bruen* goes on to inform how to evaluate statutes under that standard, laying out the "distinctly similar" standard for evaluation of statutes dealing with problems that would have existed at the time of the founding, and the "relevantly similar" standard for statutes which dealt with problems that could not have existed at the time of the founding.

And, according to *McDonald v. City of Chicago*, 561 U.S. 742 (2010), Courts may not "treat the right recognized in *Heller* as a second-class right, subject to an entirely different body of rules than the other Bill of Rights guarantees." According to that logic, nothing should prohibit for life the right to keep and bear arms if it would not also prohibit for life the right to freedom of speech, freedom of religion, freedom of the press, and any other right guaranteed by the Bill of Rights.

## IV. The Government Does Not Even Attempt to Meet the Proper Standard

The Government goes straight to "relevantly similar", effectively acknowledging that it cannot meet the proper, "distinctly similar" standard. The Government does not even mention the "distinctly similar" standard. That being the proper standard, since 922(g)(1) addresses a problem that existed at the time of the founding, the Government has failed to meet its burden.

It did not point to even one "distinctly similar" founding-era law, much less what is actually required, which is a tradition of distinctly similar law. It did not because it cannot.

Even in its effort to meet the "relevantly similar" standard, the Government cites to regulations and laws too remote to be considered for purposes of pointing to relevant authority. Citation to ancient English Common Law, against which, largely, the foundation of our Nation, and specifically the drafting and ratification of the Constitution was a reaction, is not supportive of the Government's position.

On the contrary, even the language of the Second Amendment shows that it is meant to secure rights to the American People that previous English

law did not protect.

## V. The Government Even Fails to Meet the "Relevantly Similar" Standard

For either of the standards to be met in their respective places, *Bruen* says that the Government must identify a "a *well-established* and *representative* historical" tradition. In that case, the Court "doubt[ed]" that regulations from three of thirteen colonies are enough. A few "outliers" are not enough. And ambiguities must be resolved in favor of the one claiming the right under the Second Amendment.

## VI. The Government Caricatures Defendant's Criminal History

The relevant underlying conviction for Mr. Hickcox was a theft-related crime. Its characterization as something far worse is nothing but a smear to prejudice this Court against Mr. Hickcox. The Court is urged to apply the holding of *Bruen* strictly and clearly.

## VII. Dating of Relevant Period

The Second Amendment was ratified in 1791, and that is the period during which there must have been a law in effect that is distinctly similar to 922(g)(1). There being no such law that categorically prohibits those convicted of a felony from possessing a firearm during that period, 922(g)(1) violates the Second Amendment.

## VIII. Government's Reliance on Reprehensible Historical Authority

It is supremely suspect that the Government's best shot at "relevantly similar" authority is to point to founding period law that disarms supposedly "dangerous" groups, including Catholics, Native Americans, enslaved people, people who refused to swear a loyalty oath, and political dissidents, using such logic to suggest that any "dangerous" group may be disarmed.

The Court can surely see the dangers of not upholding the Second Amendment against this faulty logic, for future generations could see any number of groups to be labeled "dangerous", such as those determined to be "intolerant", "bigoted", as we see definitions evolving over time, or who could become "dissidents" in any number of ways. If Catholics could be

considered dangerous in one generation, then Protestants or Evangelicals or Conservatives could be considered "dangerous" in another. The same could be true in the future for groups who hold to any political or ideological view. The Second Amendment was meant to provide this sort of protection to all categories of the People.

## IX. Non-Dangerous Felons

It would be an interesting catalog to compile a list of crimes, past and present which, because they are technically felonies, would categorically ban for life the possession of a firearm.

As a sampling, one could consider any crime for which a person COULD be imprisoned for one year or more, such as a tax evasion over a certain amount, cattle rustling, an application for food stamps that could be considered fraudulent, seeking compensation for Medicare reimbursement for a hospice patient not qualified to receive care in that category.

Before it was repealed in 2020, a person could have been convicted for transporting dentures across state lines, which was punishable by a year or more in prison, and been ineligible for life from possessing a firearm under 922(g)(1). (18 U.S.C. Section 1821 - Repealed. Pub. L. 116-260, div.

10

O, title X, §1002(8), Dec. 27, 2020, 134 Stat. 2155).

An internet search yields lists of other federal felonies, as well as absurd state laws which could be punishable by a year or more in prison. The Founders could not have intended every person convicted of any crime punishable by a year or more in prison to be forever barred from keeping and bearing arms.

## Conclusion

The Government has not met and can not meet its burden, and 922(g)(1) is unconstitutional. For these reasons, Mr. Hickcox respectfully requests this Court to vacate his sentence and dismiss the charges against him.

Respectfully submitted.

CHAD VAN CLEAVE
ATTORNEY AT LAW
P.O. Box 1703
Georgetown, Texas 78627
(512) 497-0604
(512) 852-4755 Fax

s/Chad Phillip Van Cleave
CHAD VAN CLEAVE
*Attorney for Defendant-Appellant*

## CERTIFICATE OF SERVICE

I, Chad Van Cleave, do hereby certify that on 20th day of March, 2023, I electronically filed the foregoing document and this Certificate of Service with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

> Joseph H. Gay, Jr.
>
> U.S. Attorney, Appellate Section
>
> 601 N.W. Loop 410, Suite 600
>
> San Antonio, Texas  78216

and I hereby certify that on the same date, I delivered a copy of the foregoing pleading to the following non-registered participants:

> None.

s/Chad Phillip Van Cleave
Chad Van Cleave

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 1645 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in proportionally spaced typeface using the MS Word word processor application version 12 in Times New Roman 14 point type.

The undersigned understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in Fed. R. App. P. 32(a)(7), may result in the Court's striking the brief and imposing sanctions against the person signing the brief.

s/Chad Phillip Van Cleave<br>
CHAD VAN CLEAVE<br>
*Attorney for Defendant-Appellant*